IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

26 MAR 16 PM 1:07

Civil Action No.

(To be supplied by the court)

_____ Tanya Nicole Roach _____, Plaintiff

v.                                                              **Jury Trial requested:**
                                                                (please check one)
                                                                __x_ Yes ___ No
_____ Kaiser Permanente _____,


_____,


_____,


_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*


**EMPLOYMENT DISCRIMINATION COMPLAINT**


| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

  Tanya Nicole Roach – 5064 Deephaven Ct Denver, Co 80239

(Name and complete mailing address)


  720-206-5612 – mamatroachstone@ahoo.com

(Telephone number and e-mail address)


## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*


Defendant 1:       Kaiser Permanente  11000 E. 45th Ave Denver, CO 80239

(Name and complete mailing address)


       303-338-4545

(Telephone number and e-mail address if known)

2

Defendant 2:    Stephanie Burgess- Kaiser Permanente 10400 E Alameda Ave Denver, CO 80247

(Name and complete mailing address)

7209484135 Stephanie.M.Burgess@kp.org

(Telephone number and e-mail address if known)

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

X    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

(employment discrimination on the basis of race, color, religion, sex, or national origin)

____    Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment

discrimination on the basis of a disability)

____    Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq.

(employment discrimination on the basis of age)

____    Other: (*please specify*)

3

D.      STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: _____ See Attachment

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire                    ____ different terms and conditions of employment

____ failure to promote                 ____ failure to accommodate disability

__x__ termination of employment         __x__ retaliation

__x__ other: (*please specify*)

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

__x__ race        ____ religion        ____ national origin        ____ age

__x__ color       ____ sex            ____ disability

Supporting facts:

## STATEMENT OF FACTS

I.      Employment History

1.      Plaintiff Tanya Roach is a black African American woman who began employment with Defendant Kaiser Permanente on or about July 28, 2014, working as a Medical Assistant.

2.      Plaintiff performed her job duties satisfactorily and remained employed with Defendant for approximately ten years.

3.      Prior to reporting workplace misconduct, Plaintiff had no significant disciplinary history and maintained good standing in her position.

## II.    Report of Workplace Harassment

4.    On or about September 15, 2020, Plaintiff reported threatening and culturally offensive comments made by a coworker in the workplace.

5.    The coworker repeatedly referred to himself as a "king" and made statements including "don't make me slap a muzzle on you."

6.    Plaintiff reasonably perceived these statements as threatening and inappropriate within a professional healthcare environment.

7.    Plaintiff reported the conduct through Kaiser Permanente's internal complaint procedures.

8.    Defendant dismissed Plaintiff's complaint and did not take corrective action.

9.    The coworker involved in the incident was later promoted within the organization.

## III.    Escalating Discipline Following Plaintiff's Complaint

10.    After Plaintiff reported harassment, Plaintiff began experiencing increased scrutiny and disciplinary actions that had not previously occurred during her employment.

11.     Plaintiff was required to attend multiple disciplinary meetings and Job Opportunity Decision proceedings with union representation present.

12.     Plaintiff believes these disciplinary actions were part of a pattern of retaliation following her complaints.

13.     On or about May 15, 2023, Plaintiff's manager confronted Plaintiff in an aggressive and hostile manner at the nurses' station.

14.     Plaintiff perceived the interaction as intimidating and retaliatory.

IV.     Protected Activity and EEO Complaint

15.     On or about July 20, 2023, Plaintiff filed an Equal Employment Opportunity complaint alleging discrimination, harassment, and retaliation.

16.     Plaintiff also reported that coworkers were making false allegations regarding her conduct.

17.     These reports constitute protected activity under Title VII of the Civil Rights Act of 1964.

18.     Throughout 2023 and 2024, Plaintiff participated in multiple grievance proceedings through union representation regarding disciplinary actions and workplace conditions.

### V.    Events Leading to Compliance Investigation

19.    In June 2024, Plaintiff participated in a union grievance concerning workplace scheduling practices.

20.    Shortly thereafter, management initiated additional disciplinary scrutiny directed toward Plaintiff.

21.    On or about July 30, 2024, Plaintiff was placed on administrative leave while Kaiser Permanente conducted a compliance investigation regarding alleged improper access to patient medical charts.

22.    Defendant initially represented that Plaintiff's account had been automatically flagged by a monitoring system.

23.    Plaintiff cooperated fully with the investigation.

### VI.    Manager Admission Regarding Investigation

24.    During grievance proceedings related to the investigation, Plaintiff's manager later admitted that she personally reported Plaintiff to compliance in order to initiate the investigation.

25.     This admission directly contradicted Defendant's earlier explanation that the investigation had been triggered automatically by a monitoring system.

26.     Plaintiff alleges that the investigation was retaliatory and pretextual.

27.     A legitimate compliance investigation requires neutrality and independence.

28.     Plaintiff alleges that the investigation was not independent because it was initiated by a supervisor who had knowledge of Plaintiff's protected complaints.

29.     When a supervisor with retaliatory motive influences an investigation that results in termination, the employer may be liable under the Cat's Paw theory of liability.

VII.     Termination of Employment

30.     On or about October 14, 2024, Defendant terminated Plaintiff's employment citing an alleged HIPAA violation.

31.     Plaintiff maintains that the investigation and termination were pretextual and retaliatory.

32.     Plaintiff believes the termination was the culmination of a pattern of escalating retaliation following her complaints.

VIII.    Evidence of Retaliatory Motive

33.    Shortly after Plaintiff's termination, Plaintiff's manager sent a message to another employee asking whether the coworker was glad Plaintiff was gone.

34.    Plaintiff believes this communication demonstrates hostility toward Plaintiff.

35.    A screenshot of this communication exists and is believed to be retained by Plaintiff and union representatives involved in grievance proceedings.

IX.    Employer Knowledge and Retaliatory Motive

36.    Defendant's management personnel had knowledge of Plaintiff's protected activity, including Plaintiff's complaints, EEO filings, and participation in grievance proceedings.

37.    Plaintiff's manager and supervisory personnel were directly involved in responding to Plaintiff's complaints and disciplinary proceedings.

38.    Despite this knowledge, Defendant subjected Plaintiff to escalating discipline, investigation, and termination.

39.    The timing of Defendant's actions demonstrates that Plaintiff's protected activity was a motivating factor in the adverse employment actions.

X.    Arbitration Request and Failure to Respond

40.    Following her termination, Plaintiff requested arbitration through Kaiser Permanente's internal dispute resolution procedures.

41.    Plaintiff made the request in accordance with Defendant's policies.

42.    More than one year has passed since Plaintiff requested arbitration.

43.    Defendant has failed to initiate arbitration proceedings.

44.    Defendant's delay constitutes waiver of any arbitration provision.

XI.    Unemployment Decision

45.    Plaintiff applied for unemployment benefits following termination.

46.    The reviewing authority determined that Defendant did not present sufficient evidence to justify termination.

47.    The decision was issued in Plaintiff's favor.

XII.    EEOC Charge and Right-to-Sue

48.    Plaintiff filed a Charge of Discrimination with the EEOC.

49.    The EEOC issued a Notice of Right to Sue, allowing Plaintiff to pursue her claims in federal court.

XIII.    Pattern of Retaliation and Escalating Discipline

50.    Plaintiff alleges Defendant engaged in a pattern of retaliation beginning after Plaintiff reported workplace harassment.

51.    This pattern included escalating discipline, false allegations, a retaliatory compliance investigation, and termination.

52.    The timing demonstrates temporal proximity between Plaintiff's protected activity and Defendant's adverse employment actions.

XIV.    DAMAGES

53.     As a direct result of Defendant's unlawful conduct, Plaintiff has suffered significant damages.

54.     Plaintiff seeks back pay, representing lost wages and benefits from the date of termination to judgment, estimated between $85,000 and $120,000.

55.     Plaintiff seeks front pay representing future lost earnings estimated at $150,000.

56.     Plaintiff seeks compensatory damages for emotional distress and reputational harm in the amount of $300,000.

57.     Plaintiff seeks punitive damages due to Defendant's reckless disregard of Plaintiff's federally protected rights in the amount of $500,000.

58.     Plaintiff seeks costs of litigation, interest, and other relief the Court deems appropriate.

TOTAL DAMAGES SOUGHT

Plaintiff seeks damages totaling approximately $1,000,000 or an amount to be determined by a jury.

# Statement of Claims

Plaintiff: Tanya Roach

Defendant: Kaiser Permanente

**Introduction**

Plaintiff Tanya Roach brings this action against Defendant Kaiser Permanente for unlawful discrimination, retaliation, harassment, hostile work environment, and wrongful termination arising from her employment as a Medical Assistant from July 28, 2014 through October 14, 2024.

Plaintiff engaged in protected activity by reporting workplace misconduct, harassment, and policy violations. After making these reports, Plaintiff was subjected to retaliatory discipline, hostile treatment by management, false accusations, and ultimately termination based on allegations that were unsupported by evidence.

# Claim 1 – Retaliation (Title VII)

Plaintiff reported workplace misconduct and harassment involving a coworker on September 15, 2020.

After filing this complaint, Plaintiff began experiencing adverse employment actions including:

- Disciplinary investigations

- Repeated "Behavior JOD" disciplinary actions

- Increased scrutiny by management

- Hostile interactions with her supervisor

- False accusations from coworkers that management accepted without investigation

Plaintiff also filed internal complaints and Equal Employment Opportunity (EEO) complaints in July 2023 reporting discrimination, harassment, retaliation, and hostile work environment.

Instead of addressing Plaintiff's concerns, Defendant allowed the retaliatory conduct to continue and ultimately terminated Plaintiff's employment.

The termination occurred after Plaintiff had engaged in multiple protected activities including workplace complaints, union grievance participation, and EEO filings.

Defendant's actions constitute unlawful retaliation under Title VII of the Civil Rights Act of 1964.

# Claim 2 – Hostile Work Environment

Plaintiff was subjected to repeated conduct that created an intimidating, hostile, and abusive work environment.

Examples include:

- Threatening and culturally offensive comments by a coworker that referenced violent language.
- Management dismissing Plaintiff's complaint and later promoting the individual who was reported.
- A hostile confrontation by Plaintiff's supervisor in front of coworkers.
- False accusations by coworkers that were accepted by management without investigation.
- Ongoing disciplinary actions and investigations directed at Plaintiff.

This pattern of conduct interfered with Plaintiff's ability to perform her job and created a work environment that was hostile and intimidating.

# Claim 3 – Harassment

Plaintiff experienced harassment from both coworkers and management.

Coworkers made false statements accusing Plaintiff of misconduct that she did not commit. These accusations were reported to management and used against Plaintiff.

Management failed to adequately investigate the allegations and instead initiated disciplinary actions against Plaintiff.

Management also engaged in hostile treatment toward Plaintiff including aggressive confrontations and ongoing scrutiny not applied equally to other employees.

This conduct constitutes unlawful workplace harassment.

# Claim 4 – Wrongful Termination

On July 30, 2024 Plaintiff was placed on administrative leave during a compliance investigation related to alleged patient chart access.

Plaintiff participated fully in compliance interviews reviewing patient chart access.

On October 14, 2024 Defendant terminated Plaintiff citing alleged HIPAA and confidentiality violations.

Plaintiff disputes these allegations and asserts that:

- No supporting documentation from compliance was presented during the termination meeting.
- Management could not provide evidence of the alleged violations.
- The investigation was initiated by Plaintiff's manager rather than a system flag, contrary to statements made during the termination process.

The termination was therefore pretextual and motivated by retaliation against Plaintiff.

# Claim 5 – Retaliatory Investigation

Plaintiff alleges that the compliance investigation leading to her termination was initiated as part of a retaliatory effort by management.

Evidence supporting this includes:

- The manager's alleged involvement in initiating the investigation.
- Statements made during grievance hearings contradicting earlier claims regarding how the investigation began.
- Hostile conduct by management before and after the investigation.
- A message allegedly sent by Plaintiff's manager the day after termination asking another employee if they were glad Plaintiff had been terminated.

These actions demonstrate that the investigation was used as a pretext to justify terminating Plaintiff.

# Claim 6 – Damages

As a direct result of Defendant's actions, Plaintiff has suffered:

- Loss of employment
- Loss of wages and benefits
- Emotional distress
- Damage to professional reputation
- Financial hardship

Plaintiff also experienced stress and uncertainty resulting from wrongful termination and the subsequent dispute over unemployment benefits.

An unemployment hearing later ruled in Plaintiff's favor, determining that Defendant did not provide sufficient evidence to justify termination.

PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

    A.  Enter judgment in favor of Plaintiff.

    B.  Award back pay and front pay.

    C.  Award compensatory damages.

    D.  Award punitive damages.

    E.  Award costs and interest.

    F.  Grant any additional relief deemed appropriate.

SETTLEMENT DEMAND NOTICE

Plaintiff remains willing to resolve this matter through good faith settlement discussions prior to extensive discovery and litigation costs.

Based on the damages described above and the evidence supporting Plaintiff's claims, Plaintiff believes this matter may be resolved through an appropriate settlement agreement.

However, if settlement cannot be reached, Plaintiff intends to fully pursue all available remedies through trial before a jury.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Chronological Timeline of Events

Complainant: Tanya Roach

Employer: Kaiser Permanente

Position: Medical Assistant – Family Medicine

Employment Period: July 28, 2014 – October 14, 2024

# E.      ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

    _x_ Yes  (***You must attach a copy of the administrative charge to this complaint***)

    ___ No

Have you received a notice of right to sue? (*check one*)

    _x_ Yes  (***You must attach a copy of the notice of right to sue to this complaint***)

    ___ No

## F.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

Relief Requested

Plaintiff respectfully requests that the Court grant the following relief:

- Back pay and lost wages
- Reinstatement or front pay
- Compensation for emotional distress
- Punitive damages where allowed by law
- Costs of litigation and court fees
- Any other relief the Court deems just and appropriate

## G.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature)

_3/16/26_

(Date)

| COMPLAINT OF DISCRIMINATION<br><br>*The Privacy Act of 1974 affects this form.*<br>*See Privacy Act Statement before completing this form.* | *Internal CCRD Use Only*<br>EEOC Complaint No.<br><br>CCRD Complaint No.<br>E2500011740 |
|---|---|

## COLORADO CIVIL RIGHTS DIVISION AND EEOC

| Employee Name (*Complainant*)<br>Tanya Roach | | (Area Code) Telephone<br>(720) 206-5612 |
|---|---|---|
| Street Address<br>5064 Deephaven Court | City, State, and Zip Code<br>Denver, CO 80239 | County<br>Denver |
| Employer Name (*Respondent*)<br>Kaiser Foundation Health Plan of Colorado | Number of Employees<br>15+ | (Area Code) Telephone<br>(303) 338-4545<br>Email Address<br>stephanie.price@kp.org |
| Street Address<br>10400 E Alameda Avenue | City, State, and Zip Code<br>Denver, CO 80247 | County<br>Denver |
| Discrimination Based on:<br>Race (African-American); Color (Black); Retaliation | Date Most Recent Discrimination Occurred:<br>October 14, 2024 | |

I. **Jurisdiction:** The Colorado Civil Rights Division and the U.S. Equal Employment Opportunity Commission (EEOC) have jurisdiction over the subject matter of this charge and the named Respondent, pursuant to the provisions of the Colorado Revised Statutes (C.R.S. 1973, 24-34-301, *et seq.*), as reenacted, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, *et seq.*), as amended.

II. **Personal Harm:** On the various dates listed below, I was subjected to the following adverse employment actions, which I am alleging was in violation of the relevant antidiscrimination laws cited above.

**a. Discrimination Claims**

I am alleging that the Respondent subjected me to unlawful discrimination based on one or more protected classes. Specifically:

On or around June 20, 2024, and thereafter, I was harassed based on my race (African-American) and/or my color (Black).

In or around June 20, 2024, and thereafter, I was denied equal terms and conditions of my employment based on my protected classes.

**b. Retaliation Claims**

I am alleging that the Respondent subjected me to unlawful retaliation after I engaged in a recognized protected activity. The specific protected activity which I engaged in was:

Opposing or objecting to unlawful discrimination based on one or more recognized protected classes and;

Participating in investigations into unlawful discrimination based on one or more recognized protected classes.

After I engaged in protected activity on or about June 19, 2023, June 30, 2023, and July 20, 2023 the Respondent then retaliated against me on or about June 20, 2024, and thereafter, when it: i) allowed harassment to continue, ii) denied me equal terms and conditions of my employment, and iii) discharged my employment.

III. **Respondent's Position:** Unknown.

IV. **Discrimination Statement:** 1.) I began employment with the Respondent on or about July 28, 2014, performed my job duties satisfactorily at all relevant times, and my most recent job title was Medical Assistant. 2.) Starting on or about May 15, 2023, I was subjected to harassment based on my race and/or color by my supervisor and manager, Stephanie Burgess ("Burgess"), who is a white woman. 3.) Around that date, I was sitting with two other African-American coworkers, Neasha Tennell and Tamara Nelson, and Burgess came up to the three of us and aggressively asked: "What is your problem?" 4.) Burgess was directing her question to me and I later learned she was referencing some of the messages I sent our work team chat where I was asking her questions. 5.) Burgess filed a complaint against me for "workplace bullying" shortly thereafter. 6.) I believe that Burgess was targeting me for my race. 7.) I engaged in a protected activity on June 19, 2023 and June 30, 2024, when I opposed this unlawful harassment by requesting that Burgess's complaints against me be investigated and dismissed. 8.) The Respondent ultimately dismissed Burgess's grievances. 9.) On or about July 20, 2023 I engaged in protected activity when I filed a workplace discrimination, harassment, and retaliation claim against Burgess. 10.) The Respondent dismissed my claim against Burgess for a "lack of evidence," allowing her workplace discrimination to continue. 11.) On or about June 20, 2024, I was written up by Burgess for clocking in to work and "not working" for four days, at this point I had the most investigations on my file of any employee on the team. 12.) On or about July 30, 2024, I was returning to work from vacation time and was informed by a union representative, Tonia Thompson ("Thompson"), that I was being sent home on administrative leave because I was implicated in an alleged complaint of a large data breach. 13.) On or about August 20, 2024, I was investigated by the Respondent for the data breach. 14.) The Respondent only provided five (5) charts as evidence for the data breach, when their complaint against me alleged that over one-hundred (100) charts were leaked. 15.) For all five charts, they were triggered by a "patient look up," which is an ordinary part of my job duties. 16.) The investigation continued on September 19, 2024, and Thompson informed me that the Respondent was moving forward with discharging my employment because of the alleged data breach under investigation. 17.) The Respondent presented seventeen (17) additional charts that they alleged were in a data breach. 18.) Upon reviewing these charts, it was determined that these were patient look up charts, which I review as part of my job duties. 19.) On or about October 14, 2024, the Respondent discharged my employment and provided the following reasons: i) violation of HIPAA, ii) used access management and disclosed protected health information, and

iii) "ethical workplace misconduct." 20.) I learned on or about November 5, 2024, during a grievance investigation with my union, that it was Burgess who filed the data breach complaints about me. 21.) Burgess has, throughout my employment, targeted me with disparate treatment, she has tried to get other employees to lodge complaints about me, and always spoke to me with a condescending tone of voice. 22.) I do not believe that individuals outside of my protected classes were similarly harassed by a supervisor, denied equal terms and conditions of employment, and subsequently discharged. 23.) I believe I was discriminated against based on my protected classes and/or in retaliation for engaging in a protected activity.

Additional details regarding my allegations are in the *Statement of Discrimination* attached hereto and incorporated herein by this instant reference.

V.  **WHEREFORE:** The Complainant prays that the Colorado Civil Rights Division grant such relief as may exist within the Division's power and which the Division may deem necessary and proper.

*I want this charge filed with both the Equal Employment Opportunity Commission and the State or local agency, if any. I will advise the agency if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with their procedures. I understand and acknowledge that I may be required to submit additional information or documentation before this complaint may be deemed officially filed.*

*I understand that, by filing this complaint, I consent to the disclosure of the foregoing information to the above-named Respondent.*

I declare under penalty of perjury that the foregoing is true and correct.

Date 4/5/25                    Charging Party/Complainant (Signature)



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0041
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)
Issued On:  12/16/2025

**To:**  Tanya Roach
5064 Deephaven Ct
Denver, CO 80239

Tanya Roach v Kaiser Foundation Health Plan of Colorado
EEOC Charge No: 32A-2025-00499

EEOC Representative and email:  Robin Campbell
State, Local & Tribal Program Manager
robin.campbell@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the determination that substantial weight has been accorded to the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Melinda Caraballo
District Director

CC:
Laurene Rogers
Holland & Hart
1800 Broadway Ste 300
Boulder, CO 80302

### INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm. In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE

To request a copy of your charge file, contact the Fair Employment Practices Agency that investigated your charge.