IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01085-CNS-KAS

TANYA NICOLE ROACH,

PLAINTIFF,

v.

KAISER FOUNDATION HEALTH PLAN
OF COLORADO and
STEPHANIE BURGESS,

DEFENDANTS.

---

**DEFENDANT STEPHANIE BURGESS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Stephanie Burgess ("Burgess") respectfully moves the Court to dismiss the Amended Complaint [ECF No. 16] of Plaintiff Tanya Nicole Roach ("Plaintiff") for failure to state a claim.

## I.    INTRODUCTION

Plaintiff brings this action against her former employer, Kaiser Foundation Health Plan of Colorado ("KFHP-Colorado"), and her former supervisor, Stephanie Burgess ("Burgess"), for purported discrimination and retaliation under the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). Plaintiff's claims against Burgess should be dismissed with prejudice because Title VII does not provide for individual liability on the part of supervisors or other employees of an employer.

Plaintiff's claims against Burgess should also be dismissed for the separate and independent reason that Plaintiff's Amended Complaint fails to state a claim for either discrimination or retaliation. Plaintiff's discrimination claims should be dismissed because

1

the Amended Complaint fails to allege specific facts from which the Court can draw the reasonable inference that any adverse employment actions alleged by Plaintiff were taken **because of** Plaintiff's race or color. Plaintiff's retaliation claims should be dismissed because Plaintiff does not plausibly allege that she engaged in protected activity or that her alleged protected activity was the cause of the purportedly retaliatory conduct she alleges. Plaintiff's Amended Complaint should be accordingly dismissed.

## II.    ALLEGATIONS OF AMENDED COMPLAINT

Plaintiff Amended Complaint asserts six claims under Title VII. In particular, the Amended Complaint asserts duplicative claims for hostile work environment (Am. Compl. at 8-9 (¶¶ 65-66) (Claim 2 – "Hostile Work Environment")) and harassment (*id*. at 9 (¶¶ 67-71) ("Claim 3 – Harassment")); duplicative claims for discrimination (*id*. at 9-10 (¶¶ 72-76) ("Claim 4 – Wrongful Termination") and *id*. at 10 (¶¶ 80-82) ("Claim 6 – Discrimination: Different Terms and Conditions of Employment")); and duplicative claims for retaliation. *Id*. at 8 (¶¶ 59-64) ("Claim 1 – Retaliation (Title VII)") and *id.* at 10 (¶¶ 77-79) ("Claim 5 – Retaliatory Investigation").[1]

In support of her claims, Plaintiff alleges she is "a [B]lack African American woman" who was formerly employed by KFHP-Colorado. *Id*. at 3  (¶ 1). Plaintiff also alleges that, on or about September 15, 2020, she reported that a coworker had repeatedly referred to himself as "king" and "made statements including 'don't make me slap a muzzle on you'" (*id*. at 4 (¶¶ 4, 5)), but that her report was "dismissed" and the coworker was subsequently promoted. *Id*. at 4 (¶¶ 7-9). Plaintiff further alleges that after she made the alleged report, she was "required to attend multiple disciplinary meetings and Job Opportunity Decision [sic] proceedings with union representation present" and that, almost

---

[1] Page number references are to the page numbering added to the top of each page by the Court's CM/ECF system.

three years later on or about May 15, 2023, her then-supervisor (Burgess) "confronted Plaintiff in an aggressive and hostile manner at the nurses' station."[2] *Id*. at 4 (¶¶ 11, 13).

Plaintiff also alleges that, on or about July 20, 2023, she made an internal "Equal Employment Opportunity complaint alleging discrimination, harassment, and retaliation," and reported that coworkers "were making false allegations regarding her conduct." *Id*. at 5 (¶¶ 15, 16). Thereafter, "[t]hroughout 2023 and 2024, Plaintiff participated in multiple grievance proceedings through union representation regarding disciplinary actions and workplace conditions." *Id*. at 5 (¶ 18).

Finally, Plaintiff alleges that in June 2024, she "participated in a union grievance concerning workplace scheduling practices" (*id*. at 5 (¶19)), and in July 2024, she "was placed on administrative leave while Kaiser Permanente conducted a compliance investigation regarding alleged improper access to patient medical charts." *Id*. at 5 (¶ 21). This investigation culminated in the termination of Plaintiff's employment on or about October 14, 2024, based on an alleged HIPAA violation. *Id*. at 6 (¶ 30).

## III.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible— and not merely conceivable—on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

---

[2] Plaintiff incorrectly refers to "Job Opportunity Decision proceedings," rather than to "Joint Objective Discovery meetings," which are opportunities for fact-finding and discussion.

The Court need not accept as true those allegations that amount to legal conclusions. See *id*.; *United States v. Herring*, 935 F.3d 1102, 1110 (10th Cir. 2019). Instead, the plaintiff bears the burden of framing her claims with enough factual matter to suggest she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. *See Twombly*, 550 U.S. at 556. A plaintiff makes a facially plausible claim by pleading factual content from which a Court can reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. In so doing, a plaintiff must show more than a mere possibility that the defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent" with a defendant's liability. *Id*. (quoting Twombly, 550 U.S. at 557). A complaint that offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement is not sufficient. *Id*. Similarly, where the well-pleaded facts do not permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the plaintiff is entitled to relief. *Id.* at 679. Thus, general assertions of discrimination and retaliation, without details of events supporting such claims, are insufficient to survive a motion to dismiss. *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Federal Rule of Civil Procedure 8(a)(2) depends on the type of case. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

## IV.    ARGUMENT

### A. The Amended Complaint Fails to State a Claim Against Burgess for Personal Liability.

As a matter of law, Title VII does not provide for individual liability on the part of supervisors or other employees of an employer. *Haynes v. Williams*, 88 F.3d 898, 899, 901

(10th Cir. 1996). This is because "[t]he relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act." *Id*. at 899 (emphasis in original); *see also Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir. 1993); *Williams v. W.D. Sports, N.M., INC.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) ("Under long-standing circuit precedent, supervisors and other employees may not be held personally liable under Title VII.") (citing *Haynes*, 88 F.3d at 899)); *Lankford v. City of Hobart*, 27 F.3d 477, 480 (10th Cir. 1994) (". . . Title VII applies only to an *employer*[.]") (emphasis in *Lankford*). Accordingly, Plaintiff's claims against Burgess should be dismissed with prejudice.

**B. The Amended Complaint Fails to Plausibly Allege Race-Based Discrimination or Harassment (Claims 2, 3, 4, and 6).**

Title VII makes it an unlawful employment practice for an employer "to refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, ***because of*** such individual's race, color, religion, sex, or national origin[.] 42 U.S.C. §§ 2000e-2(a)(1) (emphasis added). Such prohibited conduct may take the form of either disparate treatment or a hostile work environment. *See Young v. Colorado Dep't of Corrections*, 94 F.4th 1242, 1249 (10th Cir. 2024).

To state a claim for either disparate treatment or a hostile work environment, a plaintiff must plead specific facts sufficient to permit a court to draw the reasonable inference that the complained-of conduct was motivated by one or more protected characteristics—in this case, race or color. Accordingly, to state a disparate treatment claim, "[a] plaintiff must establish that she was treated differently ***because of*** race and that she suffered adverse employment action." *Wilson v. Mercury Mgmt., LLC*, No. 23-2245-KHV, 2023 WL 6961987, at *3 (D. Kan. Oct. 20, 2023) (citing *E.E.O.C. v. PVNF,*

5

*L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007) (emphasis added). Similarly, "[t]o state a racially hostile work environment claim under Title VII, a plaintiff must allege: (1) membership in a protected class; (2) [s]he was subjected to unwelcome harassment; (3) the harassment was ***due to race***; and (4) the harassment was so severe or pervasive that it altered a term, condition, or privilege of [her] employment and created an abusive environment." *Young*, 94 F.4th at 1249 (citing *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015)) (emphasis added).

In this case, Plaintiff's Amended Complaint is devoid of any factual allegations that connect any of the complained-of conduct to Plaintiff's race or color. In particular, to support her purported hostile work environment and harassment claims, Plaintiff alleges that, on or about September 15, 2020, a coworker repeatedly referred to himself as "king" and made the statement 'don't make me slap a muzzle on you'" (Am. Compl. at 4 (¶ 4)), she reported the conduct, her complaint was "dismissed," and the coworker subsequently promoted. *Id*. at 4 (¶¶ 7-9); *see also id.* at 9 (¶ 66). Plaintiff further alleges that in May 2023, Plaintiff's manager confronted Plaintiff "in an aggressive and hostile manner at the nurses' station." *Id*. at 4 (¶¶ 13, 14), 9 (¶ 66). Finally, Plaintiff alleges that one or more unidentified coworkers made "false accusations" about her, which were "accepted by management." *Id*. at 9 (¶¶ 66, 68-69).[3]

---

[3] These allegations are separately insufficient because they concern conduct that Plaintiff alleges occurred before June 11, 2024 (300 days before Plaintiff filed her administrative charge of discrimination) and thus fall outside of Title VII's statutory period. Before filing a civil action under Title VII, a plaintiff must exhaust her administrative remedies by (1) filing an administrative charge with the EEOC or a state/local fair-employment agency) within, at most, 300 days after each alleged unlawful employment practice; and (2) receive a right to sue letter from the agency. 42 U.S.C. § 2000e-5(e)(1). In this case, Plaintiff filed her Charge on April 7, 2025. *See* Charge, attached to Complaint [ECF 1], at 24. Accordingly, all conduct occurring before June 11, 2024 is not actionable.

What Plaintiff does not allege, however, are facts that, if believed, would support a reasonable inference that the conduct she complains of took place ***because*** Plaintiff is a "[B]lack African American woman." Am. Compl. at 3 (¶ 1). Neither her former coworker's alleged self-reference as "king" nor the alleged statement "don't make me slap a muzzle on you" have any inherent or clearly implicit connection to Plaintiff's race or color, and the Amended Complaint contains no factual allegations that would support a reasonable inference that Plaintiff's complaint about the coworker was "dismissed" *because* Plaintiff is Black or of African-American descent. Similarly, the Amended Complaint contains no factual allegations that would support an inference that Plaintiff's former supervisor (not Burgess) "confronted Plaintiff in an aggressive and hostile manner at the nurses' station" *because* Plaintiff is Black or African-American. And, in like manner, the Amended Complaint contains no factual allegations that would support an inference that KFHP-Colorado "accepted" the purported "false accusations" made against Plaintiff by her coworkers *because* Plaintiff is Black or African-American.

In support of her disparate treatment claims, Plaintiff alleges that "[o]n July 30, 2024 Plaintiff was placed on administrative leave during a compliance investigation related to alleged patient chart access;" she participated in the investigation, and she was subsequently terminated for alleged HIPAA violations.[4] *Id*. at 9 (¶¶ 72-74). As with the other allegations of the Amended Complaint, these allegations contain no reference to

---

[4] The Amended Complaint also alleges as an "event leading to compliance investigation" that she was subjected to "additional disciplinary scrutiny" and "placed on administrative leave while Kaiser Permanente conducted a compliance investigation regarding alleged improper access to patient medical charts" after she had "participated in a union grievance concerning workplace scheduling practices." Am. Compl. at 5 (¶¶ 19-21). To the extent Plaintiff intends by these allegations to assert a claim under the National Labor Relations Act, it is misplaced, as such a claim would not be properly heard by this Court. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959).

Plaintiff's race or color, and the Amended Complaint contains no additional factual allegations that would support a reasonable inference that Plaintiff was terminated or otherwise discriminated against **because** she is Black or African-American. Plaintiff's claims for race-based disparate treatment and a racially hostile work environment should be dismissed.

> ### C. The Amended Complaint Fails to State a Claim for Retaliation (Claims 1 and 5).

"To state a prima facie case for retaliation under Title VII, a plaintiff must show (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Khalik v. United Air Lines*, 617 F.3d 1188, 1193 (10th Cir. 2012)) (internal quotations omitted). In this case, Plaintiff has failed to sufficiently allege both the first and the third elements.

> #### 1. The Amended Complaint Fails to Plausibly Allege Plaintiff Engaged in a Protected Activity.

For reasons similar to those set forth above, Plaintiff fails to allege she engaged in protected opposition to racial discrimination. As set forth above, although Plaintiff alleges she reported that a coworker had repeatedly referred to himself as "king" and "made statements including 'don't make me slap a muzzle on you'" (*id*. at 4 (¶¶ 4, 5)), and that after her alleged report, she was subjected to various alleged disciplinary actions and, ultimately, terminated (*id.* at 8 (¶¶ 59-63)), there is no discernable connection between the coworker's alleged statements and Plaintiff's race or color.

Similarly, although Plaintiff alleges she filed an internal EEO complaint in which she reported that coworkers "were making false allegations regarding her conduct" (id. at 5 (¶¶ 15-16)), and that she was subsequently subjected to various disciplinary proceedings and ultimately terminated, the Amended Complaint does not allege any specific factual allegations from which it could be inferred that Plaintiff complained that her coworkers were making "false allegations" about her *because* she is Black or of African-American descent.

### 2. The Amended Complaint Fails to Plausibly Allege Causation for Purposes of Plaintiff's Retaliation Claim

The Amended Complaint also fails to allege facts from which it may be plausibly inferred that Plaintiff's purported protected activity was the cause of the alleged conduct of which she complains. Although a plaintiff "may establish the causal connection by proffering evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action," *Annett v. Univ. of Kan.,* 371 F.3d 1233, 1239–40 (10th Cir. 2004) (quotation omitted), "[u]nless the employer's adverse action "is very closely connected in time to the protected conduct, the plaintiff will need to rely on additional evidence beyond mere temporal proximity to establish causation." *Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1179 (10th Cir. 1999) (citing *Conner v. Schnuck Markets, Inc.,* 121 F.3d 1390, 1395 (10th Cir. 1997)). The Tenth Circuit has held that a three-month period, standing alone, is insufficient to establish causation. *See Ramirez v. Okla. Dep't Of Mental Health,* 41 F.3d 584, 596 (10th Cir. 1994) (citing *Richmond v. ONEOK, Inc.,* 120 F.3d 205, 209 (10th Cir. 1997)).

9

In this case, the time between Plaintiff's alleged protected activity and the alleged retaliatory conduct are too long by themselves to support a plausible inference of retaliation. Plaintiff's first alleged protected activity occurred on September 15, 2020, when she allegedly reported a coworker's offensive comments (Am. Compl. at 4 (¶¶ 4, 5) and 8 (¶ 59)). The first instance of alleged retaliatory conduct (the alleged confrontation between Plaintiff and her manager at the nursing desk) took place on May 15, 2023—almost three years after Plaintiff's alleged report. Plaintiff's termination did not occur until October 14, 2024—more than four years after the alleged report.

Plaintiff's second alleged instance of protected activity occurred on July 20, 2023, when she filed her internal EEO complaint. *Id*. at 5 (¶¶ 15, 16) and 8 (¶ 61). Plaintiff's allegations that she was thereafter subject to various disciplinary proceedings in 2024 (*id*. at 5 (¶¶ 18, 20-21)), and ultimately terminated on October 14, 2024 (*id*. at 6 (¶ 30)), are insufficient because the alleged disciplinary actions and the termination all occurred more than three months after Plaintiff's alleged EEO complaint.[5] Plaintiff's retaliation claims should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint and purported claims against Burgess should be dismissed.

---

[5] As to Plaintiff's vague allegation that she was also subject to disciplinary proceedings during 2023, Plaintiff failed to timely exhaust her administrative remedies as to any such actions, as her Charge was filed on April 7, 2025, more than 300 days after the end of 2023. *See* 42 U.S.C. § 2000e-5(e); *National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-10 (2002)*.

DATED: July 2, 2026

/s/ Renee Sheyko
Steven W. Moore
Renee J. Sheyko
Madison M. Britton
FOX ROTHSCHILD LLP
1225 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 292-1200
Fax: (303) 292-1300

Christian J. Rowley
SEYFARTH SHAW LLP
crowley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
(415) 397-2823

*Attorneys for Defendant Stephanie Burgess*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed the foregoing **DEFENDANT STEPHANIE BURGESS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system. I further certify that a copy has been served via email and U.S. Mail to the following mailing and email addresses**:**

Tanya Nicole Roach
5064 Deephaven Ct.
Denver, CO 80239
mamatroachstone@yahoo.com

Plaintiff pro se

/s/ *Renee Sheyko*
Renee Sheyko

12